CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2006

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SEAN CHRISTOPHER OSBORNE, )<br>    Plaintiff, ) | Civil Action No. 7:06CV00200 |
| )<br>v. ) | MEMORANDUM OPINION |
| )<br>SOUTHWEST REGIONAL JAIL )<br>AUTHORITY, )<br>    Defendants. ) | By: Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, Sean Christopher Osborne, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff was previously incarcerated at the Southwest Regional Jail in Abingdon, Virginia.[2] The plaintiff alleges that his partial dentures were removed by a correctional officer during the booking process on November 3, 2005, and that the dentures were given back broken one week later. The plaintiff filed numerous grievances regarding the issue. Jail officials determined that they were not responsible for the broken dentures. In the present complaint, the plaintiff seeks to have his partial dentures repaired or replaced. The plaintiff alleges that he has been unable to properly eat or talk without them.

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2] The plaintiff is now incarcerated at the Bristol City Jail.

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish a violation of his constitutional rights.

To the extent the plaintiff's allegations can be construed to assert a due process claim under the Fourteenth Amendment, the plaintiff's allegations are without merit. The intentional or negligent destruction of personal property by a correctional officer acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, as long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981). Given that the destruction of property is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation remedy, such as a grievance procedure or a state tort claim, suffices. Id. In this case, it is clear that the plaintiff made use of available post-deprivation remedies, as evidenced by his grievance forms. Furthermore, other state law remedies, including the Virginia Tort Claims Act, were available to the plaintiff as a means to seek compensation for his broken dentures. See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Accordingly, inasmuch as the plaintiff had adequate state remedies, the destruction of his partial dentures did not rise to the level of a due process violation.

2

To the extent that the plaintiff's allegations can be construed to assert a deliberate indifference claim under the Eighth Amendment, the plaintiff's allegations are similarly deficient. It is well settled that a correctional officer may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the officer shows a deliberate indifference to the inmate's serious medical need. Estelle v. Gamble, 429 U.S. 97, 102 (1976). However, the test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the correctional officer must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Even assuming that the plaintiff's inability to properly eat or talk is sufficiently serious to satisfy the test's objective component, the plaintiff does not allege that officials at the jail were aware of and disregarded this problem. The court notes that the grievance forms submitted with the plaintiff's complaint indicate that the plaintiff asked to have his partial dentures repaired. However, the plaintiff did not report that he was unable to properly eat or talk without the partial dentures, or complain of any other deleterious effects. Without any allegations to suggest that jail officials were aware of and disregarded the plaintiff's dental problems, the court concludes that the plaintiff's complaint fails to state a claim for deliberate indifference.

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 19th day of April, 2006.

_____
United States District Judge

3

Case 7:06-cv-00200-GEC-mfu   Document 5   Filed 04/19/06   Page 3 of 3   Pageid#: 15